IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| RITA E. CAIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | No.: 3:11-cv-00666 |
|  | ) |  |
| v. | ) | JURY DEMAND |
|  | ) |  |
| MONTGOMERY COUNTY, TENNESSEE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S § 1983 AND PUNITIVE DAMAGE CLAIMS**

Comes now the Defendant, MONTGOMERY COUNTY, TENNESSEE, by and through counsel, and in support of its Motion to Dismiss the Plaintiff's § 1983 and punitive damage claims would state and show as follows:

**Legal Standard For Motion To Dismiss**

Under the general rules of notice pleading, when determining whether to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must assume all facts averred in the complaint to be true and indulge all reasonable inferences in favor of the plaintiff. Hardy v. First American Bank 774 F. Supp. 1078 (M.D. Tenn. 1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Windsor v. The Tennessean 719 F.2d 155 (6th Cir. 1983). It has been held that a motion to dismiss "requires the Court to construe the complaint in the light most favorable to the plaintiffs, accept all the complaints' factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Frizzell

v. Southwest Motor Freight, Inc., 906 F. Supp. 441, 443 (E.D. Tenn. 1995).

Nevertheless, "the complaint must articulate more than a bare assertion of legal conclusions." Id. "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Put another way, a court may dismiss a complaint "for either of two reasons: (1) lack of a cognizable legal theory, or (2) the pleadings of insufficient facts under a cognizable legal theory." Adam v. Silicon Valley Bancshares, Inc. 884 F. Supp. 1398, 1400 (N.D. Cal. 1995). *See also* Stewart Glass and Mirror, Inc. v. U.S.A. Glass, Inc. 940 F. Supp. 1026, 1030 (E.D. Tex. 1990).

**42 U.S.C. § 1983**

The Plaintiffs have named Montgomery County, Tennessee, a municipal governmental entity, as a Defendant in this action. In Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978), the Supreme Court held that governmental entities may be subject to damages under 42 U.S.C. § 1983. However, the Monell Court made it clear that liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who engaged in some form of unconstitutional conduct. Monell, 436 U.S. at 691. Therefore, a municipal governmental entity cannot be held liable for an injury caused by its agents or employees under § 1983 based on a theory of respondeat superior. Id. at 691. Instead, a municipal governmental entity may only be liable for a constitutional tort where the action occurred pursuant to a **municipal policy, practice, or custom**. Id. (emphasis added).

The Plaintiff's Complaint altogether fails to identify any municipal policy upon which to base § 1983 liability. While the heading of Count One of the Plaintiff's Complaint states that she is bringing a cause of action for, "Violations of the Civil Rights Act of 1991, 42 U.S.C. § 1981

and 1983" there are no allegations consistent with a §1983 claim within the substance of the Complaint. (D.E. 1 at ¶ ¶¶ 19 – 22). While Plaintiff references the Defendant's progressive discipline policy in the general factual allegations of the Complaint, she fails to allege that this policy, or any other, was the moving force behind the deprivation of her constitutional rights. (D.E. 1 at ¶ 13). The substance of Count One of Plaintiff's Complaint ultimately alleges only that, "Defendant's retaliation and discrimination was part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991." (D.E. 1 at ¶ 21). To the extent that a municipal policy that is the moving force behind the violation of the Plaintiff's constitutional rights is an essential element to articulating a claim under § 1983, the Plaintiff's claim under § 1983 fails to state a claim upon which relief may be granted and should be dismissed.

**Punitive Damages**

Title 42 U.S.C. § 1981a(b)(1) states in relevant part as follows:

A complaining party may recover punitive damages under this section against a respondent *(other than a government, government agency or political subdivision)* if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1)(emphasis added). Thus, under the express provision of 42 U.S.C. § 1981a(b)(1), punitive damages may not be awarded against a "government" or a "government agency." Stefanovic v. University of Tennessee, 935 F. Supp. 944, 949 (E.D. Tenn. 1996). *See also* Poe v. Memphis Light, Gas & Water Div., 1999 U.S. App. LEXIS 32083 at *3 (6th Cir. Nov. 30, 1999)(copy attached)("punitive damages are not recoverable against a governmental agency in an action under Title VII"); Robinson v. Runyon, 149 F.3d 507, 516 (6th Cir. 1998) ("Congress amended Title VII in 1991 to permit punitive damages in Title VII actions. The

3

amendment however specifically exempted governments, government agencies and political subdivisions.").

Likewise, the United States Supreme Court long ago affirmed the common law rule that municipalities would not be liable for punitive damages for the conduct of their agents. City of Newport v. Fact Concerts, Inc. 453 U.S. 247, 263 (1981). After detailed analysis of the history and justifications for the award of punitive damages, the Court stated quite plainly, "we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983." Id. at 266-67. This precedent has been followed in all District Courts of Tennessee. Herron v Dugger, 2011 U.S. Dist. LEXIS 77203 at *19 (W.D. Tenn. July 15, 2011)(copy attached); Timberlake v. Benton, 786 F. Supp. 676, 696 (M.D. Tenn. 1992); Graham v. Sequatchie County Gov't, 2011 U.S. Dist. LEXIS 36286 at *106 (E.D. Tenn. Apr. 4, 2011)(copy attached).

Finally, Defendant moves to dismiss any claims for punitive damages under the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq*. Punitive damages may be assessed against a governmental agency under the THRA in cases of malicious harassment or housing discrimination only. *See* TENN. CODE ANN. § 4-21-701. There are no allegations of malicious harassment or housing discrimination in this case and, thus, Plaintiff cannot recover punitive damages from Defendant under the THRA. *See* Complaint.

Defendant Montgomery County, Tennessee is a governmental entity. (D.E. 9 at ¶ 2). Because the law is clear that punitive damages are not available against governmental entities under any of the theories of liability alleged by Plaintiff, such request should be dismissed as a matter of law.

WHEREFORE, premises considered, Defendant requests that Plaintiff's claim under 42 U.S.C. § 1983 and claim for punitive damages be dismissed for failure to state a claim upon which relief can be granted.

>Respectfully submitted,
>
>BATSON NOLAN PLC
>
>By: /s/ Kathryn W. Olita
>Mark Nolan, BPR 015859
>Kathryn W. Olita, BPR 023075
>Counsel for the Defendants
>121 South Third Street
>Clarksville, Tennessee 37040
>(931) 647-1501

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means:

>Andy L. Allman
>629 East Main Street
>Hendersonville, Tennessee 37075
>*Attorney for Plaintiff*

on this 21st day of September, 2011.

>BATSON NOLAN PLC
>
>By: /s/ Kathryn W. Olita
>Kathryn W. Olita