IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RITA E. CAIN, | ) | |
| Plaintiff, | ) ) | CASE NO. 3:11-0666 |
| v. | ) ) | Chief Judge Haynes |
| MONTGOMERY COUNTY, TENNESSEE, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is the Plaintiff's motion for review of final taxation (Docket Entry No. 67), challenging the Clerk's award of the Defendant's one thousand three hundred sixty-four dollars twenty-five cents ($1,364.25). Plaintiff argues that this award raises a bar to prospective civil rights litigants and victims of employment discrimination.

With the award of judgment to the Defendant, Rule 54 provides:

(d) Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d).

A presumption favors awarding costs, but the award is discretionary with court. Knology, Inc. v. Insight Communs. Co., L.P., 460 F.3d 722 (6th Cir. 2006). The factors a court must take into account when awarding or denying costs are:

a) Were the taxable expenditures unnecessary to the case or unreasonably large?

1

b) Should the prevailing party be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues?

c) Was the prevailing party's victory so insignificant that the judgment amount to a victory for the opponent?

d) Was the case close and difficult?

e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?

f) Did the losing party conduct the case with propriety?

g) Have other courts denied costs to prevailing defendants in similar cases?

h) Did the prevailing party benefit from the case?

I) Did the public benefit from the case?

j) Did the case result in a profound reformation of current practices by defendant?

k) Does the award of costs have a chilling effect on other litigants?

Id. at 762. "Additionally, courts in the Sixth Circuit may not consider the size of the prevailing party's recovery or the ability of the prevailing party to pay his own costs." Frazier v. Honda of Am. Mfg., 2007 U.S. Dist. LEXIS 24385 (S.D. Ohio Mar. 21, 2007). If a losing party is indigent, however, a court may properly consider that. Id.

Here, Defendant seeks reimbursement of costs in the amount of one thousand three hundred sixty-four dollars twenty-five cents ($1,364.25). The action often involved intense emotional allegations, but the evidence was neither complex nor ambiguous. Plaintiff lacked admissible evidentiary to support her claims. This action consumed the limited public resources of Montgomery County. This Court rarely awards costs in such actions, but this action warrants

2

an award. Neither the award nor amount of the award should deter litigants.

Absent a showing of actual financial hardship, the motion to review costs is **GRANTED**, but the Clerk's award is **AFFIRMED**.

It is so **ORDERED**.

ENTERED this the 25th day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court